IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT JOHN GIBSON,         )
        Petitioner,         )
        v.                  )   Civil Action No. 06-571
                            )   related to Crim. Action No. 02-146
                            )   District Judge Donetta W. Ambrose
UNITED STATES of AMERICA,   )
        Respondent.         )

## MEMORANDUM OPINION

Robert John Gibson, a federal prisoner currently incarcerated at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania, has filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 claiming that the Pennsylvania Board of Probation and Parole (the Board) refused to follow this Court's directive that his federal sentence run concurrent to his undischarged state parole violation sentence. Gibson also has filed a petition for a *writ of habeas corpus* under 28 U.S.C. § 2254 wherein he raises the same claim. *See* Gibson v. Murray and the Pennsylvania Board of Probation and Parole, Civil Action No. 05-874. Because the issues are the same but the evidence submitted by the parties in each action is different, this Court will cite to both dockets in this Opinion. For the reasons that follow, Gibsons' Motion to Vacate, Set Aside or Modify his sentence will be dismissed as his claims will be adjudicated in his presently pending 2254 action.

A. Relevant Procedural History

On September 28, 2000, Gibson was released on parole from state custody in the Commonwealth of Pennsylvania with regards to his numerous criminal convictions in the Court of Common Pleas of Allegheny County, Pennsylvania during 1990 and 1991 at CC 910002078, 01819; CC 910000809; CC 910000454; CP 90002476, 00506; CP 900002477; CP 900002478,

2479; and CP 900002480, 00002.[1]

In the Spring of 2002, Gibson went on a robbery spree. First, on May 31, 2002, he robbed the National City Bank in Columbiana, Ohio. On June 14, 2002, he robbed the Freedom United Federal Credit Union in Rochester, Pennsylvania and on June 27, 2002 he robbed the Allegheny Valley Bank in Pittsburgh, Pennsylvania. Later that day, he was arrested and taken into custody and confined in the Allegheny County Jail.

Shortly following his arrest, a federal criminal complaint was filed in this court relative to the two Pennsylvania bank robberies. At the time of the bank robberies, Gibson was on parole with respect to his Pennsylvania state sentences identified above. It is unclear from the record whether he was in State or Federal custody from June 27, 2002 onward. In his 2254 Petition, Petitioner's counsel states that on July 3, 2002, Gibson was taken into federal custody via a *writ of habeas corpus ad prosequendum*.[2] On July 9, 2002, Gibson was indicted for bank robbery in violation of 18 U.S.C. § 2113(a) in the Northern District of Ohio. On July 23, 2002, he was indicted for two counts of bank robbery in violation of 18 U.S.C. § 2113(a) in the Western District of Pennsylvania. (Crim. No. 02-146, dkt. no. 1). Eventually, the indictment from the Northern District of Ohio was transferred to the Western District of Pennsylvania.

On July 21, 2003, Gibson pleaded guilty to counts One and Two before this Court. (Crim. No. 02-146, dkt. no. 24). Shortly thereafter, Gibson contacted the Pennsylvania Board of

---

[1] See Attachments to Docket no. 6 filed in Petitioner's 2254 Petition filed in this Court at Civil Action No. 05-874.

[2] If in fact the federal authorities needed a writ of *habeas corpus ad prosequendum*, it would seem that Gibson was in state custody at the time. In a letter to the Board dated April 7, 2004, Gibson's attorney sets forth that the Board lodged a state parole detainer against Gibson on July 3, 2002. Ex. 4, dkt. no. 4, Civil Action No. 05-874.

2

Probation and Parole (the Board) by letter advising it that he was available for action on the Board's pending warrant against him to recommit him as convicted parole violator (CVP). On July 30, 2003, Petitioner waived his right to a final parole revocation hearing before a panel and requested his hearing be held before an examiner. On August 7, 2003, Petitioner waived his right to counsel with regards to his parole revocation hearing. On September 29, 2003, the Board ordered Gibson recommitted to state custody as a convicted parole violator to serve forty-eight months backtime, when available, on the Pennsylvania sentences for which he was paroled in September of 2000.

Based on the parole revocation sentence, Gibson filed a "Supplement" with the Court in his federal criminal action asking the Court to do two things: 1) make his federal sentence "concurrent" with his 48-month state sentence; and 2) "adjust" his federal sentence to reflect the 15.5 months that he had already served since the date of his arrest on the instant bank robbery offenses. (Crim. No. 02-146, dkt. no. 30). On October 17, 2003, this Court sentenced Gibson to an aggregate term of imprisonment of 151 months effective October 17, 2003 "which will be concurrent from this date to the State sentence the defendant is serving." (Crim. No. 02-146, dkt. nos. 32, 33). However, the Court did not give Gibson credit for the 15.5 months that he was in custody from June 27, 2002 through October 17, 2003. Following his sentencing, Petitioner was returned to the ACJ where he remained for almost a year until September 9, 2004 when he was committed into federal custody.

When this Court sentenced Gibson, it believed that he was serving his forty-eight (48) month probation sentence and he would continue to serve that sentence until its completion when he would be taken into federal custody to serve the remainder of his federal sentence.

3

Unfortunately for Gibson, the Board refused to implement this Court's directive for concurrent sentencing based upon Pennsylvania law. *See*, 61 P.S. § 331.21a(a); Vance v. Pa. Bd. Of Probation and Parole, 741 A.2d 838, 840 (Pa. Commw. 1999) (61 P.S. § 331.21a(a) "mandates that sentences for crimes committed on parole must be served consecutively with time remaining on original sentences and thus prohibits courts of this Commonwealth and the Board from imposing concurrent sentencing. Additionally, the Board may not impose a parole violation sentence to run concurrently with a new sentence for an offense committed while on parole.") (citations omitted).

On April 22, 2004, the Board removed its detainer against Gibson. (Ex. 8 to Petition, Dkt 4, Civil Action No. 05-874). On September 9, 2004 Gibson was committed to federal custody. (BOP Sentence Calculation Sheet attached to Dkt. 4 at Civil Action No. 05-874). On that same date, the Board issued a Warrant to arrest and detain Gibson for parole violations with regard to his Pennsylvania sentences. Subsequently, on September 21, 2004, the Bureau of Prisons (BOP) granted Gibson credit on his federal sentence for all of the time he served at the ACJ from June 27, 2002 through the date he was transferred into federal custody.

On June 28, 2005, Gibson, through counsel, filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 docketed in this court as Civil Action No. 05-874. On May 1, 2006, he filed his Motion to Modify, Vacate or Set Aside Sentence under 28 U.S.C. § 2255 in this action.

### B. 28 U.S.C. § 2255

A motion under 28 U.S.C. § 2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing. *See* In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Section 2255 is a modern

4

codification of the ancient writ of *error coram nobis,* which gave trial courts a ready means to correct erroneous sentences without resorting to habeas corpus proceedings. United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1994). Because of the nature of such an action, the statute requires a prisoner to file his motion with the original court that sentenced him. Swain v. Pressley, 430 U.S. 372 (1977).

Section 2255 provides, in relevant part, as follows.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255

The function of motion to vacate, set aside or correct sentence is to vacate judgments based upon invalid convictions. Thus, it is well settled that a challenge to a federal sentence *as imposed* must be made under 28 U.S.C. § 2255. See United States v. Addonizio, 442 U.S. 178, 185-88 (1979) (holding that Section 2255 authorizes challenges to the lawfulness of a federal sentence, not to the lawfulness of the performance of judgment and sentence). In contrast, a claim concerning *execution* of a sentence by federal prison and federal parole authorities is properly brought under 28 U.S.C. § 2241. Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988); Gomori v. Arnold, 533 F.2d 871 (3d Cir.), *cert. denied,* 429 U.S. 851 (1976); Chambers v. Holland, 920 F. Supp. 618 (M.D. Pa. 1996). *Accord* Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998) ("A motion under § 2255 must be directed to the sentence as it was imposed, not to the manner

in which it is being executed ⋯ In contrast, a motion under § 2241 challenges the execution, not the imposition, of the sentence.").

Here, Petitioner is challenging the execution of his sentence; particularly, the directive that his federal sentence be concurrent to his state sentence. Such relief is not authorized under 28 U.S.C. § 2255. *See* Bateman v. United States, 277 F.2d 65, 68-69 (8th Cir. 1960) (holding that 2255 motion was not available to make sentence conform to trial judge's alleged intention that sentence should run concurrently with a North Carolina state sentence). Thus, Petitioner is not entitled to relief under 28 U.S.C. § 2255.

Nor is he entitled to relief under 28 U.S.C. § 2241. The Court of Appeals for the Third Circuit expressly has determined that 28 U.S.C. § 2254 is the proper remedy for prisoners like Gibson who are challenging actions of the Pennsylvania Board of Probation and Parole relating to their Pennsylvania sentences. *See* Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). Because Gibson currently is pursuing his claims in his Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254 in Civil Action No. 05-874, his present motion must be dismissed.

AND NOW, this 20th day of July, 2006;

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is hereby **DISMISSED**.

Pursuant to Fed. R. App. Proc. 4, Petitioner has thirty days from the date of this judgment in which to file a notice of appeal.

*/s/ Donetta W. Ambrose*
Donetta W. Ambrose
United States District Court Judge, Chief

Robert John Gibson
07465-068
FCI at Schuylkill
P.O. Box 759
Minersville, PA 17954

A. Elliot McLean
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

7